**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Anne Parker, | No. CV 04-2468 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Cottonwood, et al., | |
| Defendants. | |

Plaintiff filed this action in Maricopa County Superior Court on October 21, 2004. *See* Doc. #1, Ex. A. Defendants removed the case to this Court on November 9, 2004. *See* Doc. #1. Judge Rosenblatt permitted Plaintiff's counsel to withdraw on March 8, 2005. *See* Doc. #25.

On April 18, 2005, after transfer of the case from Judge Rosenblatt, this Court issued an Order Setting Rule 16 Case Management Conference. *See* Doc. #29. The Order set a conference for May 18, 2005, and required Plaintiff and Defendants to comply with Rule 26(f) of the Federal Rules of Civil Procedure. The Order stated that Plaintiff was required to initiate the Rule 26(f) conference. *See* Doc. #29 at 4. Plaintiff failed to communicate with Defendants in preparing a case management plan and failed to appear at the Case Management Conference. *See* Doc. #35. The Court rescheduled the conference for June 17, 2005, and specifically warned Plaintiff that her failure to participate in case management procedures would result in dismissal of this case for lack of prosecution. *See* Doc. #35 at 2. Plaintiff responded by filing a motion on June 15, 2005,

seeking a 120-day extension because she was incarcerated in California. *See* Doc. #36. Recognizing the impediment caused by Plaintiff's incarceration, the Court granted the extension and rescheduled the Case Management Conference for November 2, 2005, at 4:30 p.m. The Court warned Plaintiff that it was granting "one more extension in this case" and that "[i]f Plaintiff fails diligently to prosecute the action after this extension, the Court will dismiss the case for lack of prosecution." *See* Doc. #39.

Plaintiff again failed to initiate or participate in a Rule 26(f) conference as ordered. *See* Doc. #41. Plaintiff also failed to appear at the Case Management Conference on November 2, 2005. Defense counsel informed the Court at the conference that they had attempted to contact Plaintiff by sending a letter, approximately three weeks earlier, to the address listed by Plaintiff in a Notice of Change of Address. *See* Doc. #40. Neither defense counsel had received a response to the letter or any other communication from Plaintiff. The Court informed defense counsel at the conference that it would dismiss Plaintiff's complaint for lack of prosecution.

Following the November 2, 2005 Case Management Conference (and a second case management conference in another case), and after defense counsel had left the courtroom, Plaintiff appeared, accompanied by an unidentified male. The Court conferred briefly with Plaintiff on the record. The Court informed Plaintiff that the conference had been completed and that it had announced its decision to dismiss her case for failure to prosecute. The Court stated that Plaintiff would receive a copy of the Court's order and confirmed that Plaintiff's address is that listed in the Notice of Change of Address. *See* Doc. #40.[1] Plaintiff explained her late arrival at the Case Management Conference by stating that her plane had been late and that she had called the Court's staff to inform them. Following the hearing the Court checked with its staff and learned that they had received a phone call earlier in the day from a gentleman asking for directions from the

---

[1] As noted above, this is the address to which defense counsel mailed their recent letter – a letter to which Plaintiff did not respond.

1 airport, but were not notified that Plaintiff would be arriving late to the hearing.

2 Rule 41(b) states that the Court may dismiss an action "[f]or failure of the plaintiff
3 to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). *See*
4 *also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that district court did
5 not abuse its discretion in dismissing the *pro se* plaintiff's complaint for failing to comply
6 with a court order). The Court finds that Plaintiff has failed to prosecute this action. This
7 case has been pending for more than one year. Plaintiff has repeatedly disregarded the
8 Court's orders to participate in case management procedures as well as the Court's express
9 warnings that her claims would be dismissed if she failed to comply. The Court concludes
10 that dismissal is warranted under Rule 41(b).

11 **IT IS HEREBY ORDERED** that this action is **dismissed**. The Clerk is directed to
12 **terminate** this matter.

13 DATED this 6th day of November, 2005.

David G. Campbell
United States District Judge

- 3 -